FRANK FALZETTA, Cal. Bar No. 125146
SCOTT SVESLOSKY, Cal. Bar No. 217660
MARY E. GREGORY, Cal. Bar No. 210247
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:  213.620.1398
Email:        ffalzetta@sheppardmullin.com
              ssveslosky@sheppardmullin.com
              mgregory@sheppardmullin.com

Attorneys for Plaintiff
SAFECO INSURANCE COMPANY OF ILLINOIS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF ILLINOIS, an Illinois Corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>HENRY WOODLEY, an individual; and R.A., an individual,<br><br>  Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND RESTITUTION** |

Plaintiff, Safeco Insurance Company of Illinois ("Safeco"), complains against defendants Henry Woodley ("Woodley"), and R.A., (collectively "Defendants"), and alleges as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this action based upon complete diversity of citizenship under 28 U.S.C. section 1332.  The amount in controversy, exclusive of interest and costs, exceeds $75,000.

2.  Safeco is a corporation organized and existing under the laws of the

1  State of Illinois, with its principal place of business located in the State of
2  Massachusetts.  Safeco does not have substantial predominance of its corporate
3  activities in the State of California.  Its corporate "nerve center," where the majority
4  of its executive and administrative functions are performed, is in Massachusetts.
5  Safeco was at all relevant times qualified to do business in California.

6        3.      Defendant Woodley is an individual residing in the City of Huntington
7  Beach, California.

8        4.      Plaintiff is informed and believes, and thereon alleges, that Defendant
9  R.A. is an individual residing in the County of Orange, State of California.

10       5.      Venue is proper in this district pursuant to 28 U.S.C. section 1391(b),
11 because (1) all Defendants reside in this judicial district, and (2) a substantial part of
12 the events giving rise to the claim occurred in this judicial district, including the
13 filing and pendency of the underlying action giving rise to this declaratory relief
14 action in Orange County Superior Court, and the location of the incidents alleged in
15 that underlying action.

16

17 **GENERAL ALLEGATIONS**

18 **The Underlying Action**

19       6.      On September 21, 2022, R.A. filed a lawsuit entitled *Jane Doe v. Henry*
20 *James Woodley, et al.*, in the Superior Court for the State of California, County of
21 Orange, Case No. 30-2022-01282059-CU-PO-CJC (the "Underlying Action").
22 Attached to this Complaint as **Exhibit A** is a true and correct copy of the Complaint
23 (the "Underlying Complaint").

24       7.      In the Underlying Complaint, R.A. alleges that:

25             7.      On June 11, 2021, Plaintiff Jane Doe ["R.A."] arrived at the
26                   residence of Defendant ["Woodley"] to clean his home as a part
27                   of her scheduled job duties.
28             8.      R.A. asked Woodley if she could take a quick shower as she had

had a long night of fighting with her significant other and wanted to freshen up so she could begin working.

9. Woodley agreed and permitted her to do so.

10. While she showered, Woodley began banging on the door and yelling "let me in." R.A. responded for him to wait while she got her clothes on. In a hurry, she managed to put her pants and bra on.

11. Despite her request, Woodley kicked [the] door open. Upon doing so, R.A. saw that he was naked and aroused.

12. R.A. attempted to run out, but was unsuccessful as Woodley pinned her against a wall and immediately because groping, kissing and performing simulated sexual intercourse.

13. R.A. managed during this assault to call 911 where she screamed for help. Woodley during the call kept yelling that "We're Adam and Eve we need to reproduce."

14. It is alleged that Woodley may have been under the influence of a controlled substance.

15. Shortly thereafter, Woodley realized that R.A. had called the police and that they were on the phone. He immediately let her go.

16. R.A. suffered multiple physical injuries to her person including bruising on her stomach.

17. Police officers documented the injuries and Woodley was taken into custody.

8. Based on Woodley's conduct as alleged by R.A. and described in paragraph 7 above, R.A. states causes of action against Woodley in the Underlying Action for: (1) Assault and Battery; (2) Sexual Battery; (3) Negligence; (4) Ralph Civil Rights Act Violations; (5) Premises Liability; and (6) Intentional Infliction of

Emotional Distress.

**The Safeco Policy**

9. Safeco issued Quality-Plus Condominium Policy number OA4074113 to Woodley, effective September 10, 2020 to September 10, 2021 (the "Policy"). Attached to this Complaint as **Exhibit B** is a true and correct copy of the Policy.

10. The Policy was in effect at the time the acts alleged in the Underlying Complaint took place.

11. The Policy includes Quality-Plus Condominium Policy form CHO-6088/EP 2/00 (the "Coverage Form"), as amended by form CHO-6188/CAEP 12/19, entitled "Special Provisions – California" ("Form CHO-6188").

12. Under Section II – LIABILITY COVERAGES, the Coverage Form includes COVERAGE E – PERSONAL LIABILITY, which provides as follows:

> If a claim is made or a suit is brought against any *insured* for damages because of *bodily injury* or *property damage* caused by an *occurrence* to which this coverage applies, we will:
>
> **1.** pay up to our limit of liability for the damages for which the *insured* is legally liable; and
>
> **2.** provide a defense at our expense by counsel of our choice even if the allegations are groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the *occurrence* equals our limit of liability.

13. Under Section II – LIABILITY COVERAGES, the Coverage Form includes COVERAGE F – MEDICAL PAYMENTS TO OTHERS, which provides as follows:

> We will pay the necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing *bodily injury*. Medical expenses means reasonable charges for medical, surgical, X-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services. This coverage does not apply to you or regular residents of your

household other than *residence employees*.  As to others, this coverage applies only:

**1.** to a person on the *insured location* with the permission of any *insured*; . . .

14. Under SECTION II – LIABILITY LOSSES WE DO NOT COVER, as amended by Form CHO-6188, the Policy provides, in relevant part:

**1.** **Coverage E – Personal Liability** and **Coverage F – Medical Payments to Others** do not apply to *bodily injury* or *property damage*:

**(a)** which:

**(1)** is expected or intended by any *insured* or which is the foreseeable result of an act or omission intended by any *insured*;

**(2)** results from violation of:

**(a)** criminal law; or

**(b)** local or municipal ordinance

committed by, or with the knowledge or consent of any *insured*.

This exclusion applies even if:

**(3)** such *bodily injury* or *property damage* is of a different kind or degree than expected or intended; or

**(4)** such *bodily injury* or *property damage* is sustained by a different person, or persons, than expected or intended.

This exclusion applies whether or not any *insured* is charged or convicted of a violation of criminal law, or local or municipal ordinance.

\*   \*   \*

**i.** arising out of physical or mental abuse, sexual molestation or sexual harassment.

**j.** arising out of the use, sale, manufacture, delivery, transfer or possession by any person of a controlled substance(s). Controlled substances include but are not limited to cocaine, LSD, marijuana, PCP and all narcotic drugs.

However, this exclusion does not apply to the legitimate use of prescription drugs by a person following the orders of a licensed physician.

         \*      \*      \*

2. **Coverage E - Personal Liability** does not apply to:

    **a.**    Liability:

         \*      \*      \*

    **(2)**    for *punitive damages* awarded against any *insured*;

15. Under **DEFINITIONS**, the Coverage Form, as amended by Form CHO-6188, provides, in relevant part:

Throughout this policy, "you" and "your" refer to the "named insured" shown in the Declarations …"We," "us" and "our" refer to the Company providing this insurance. In addition, certain words and phrases are defined as follows:

    **2.**    "***Bodily injury***" means:

        **a.**    bodily harm, sickness or disease, including required care, loss of services and death resulting therefrom.

***Bodily injury*** does not include any communicable disease transmitted by any *insured* to any other person.

        **b.**    ***personal injury***:

            **(1)**    arising out of one or more of the following offenses:

                **(a)**    false arrest, detention or imprisonment, or malicious prosecution;

                **(b)**    libel, slander or defamation of character; or

                **(c)**    invasion of privacy, wrongful eviction or wrongful entry.

           **(2)**    coverage does not include:

                **(a)**    liability assumed by any *insured* under any contract or agreement except any indemnity obligation assumed by the *insured* under a written contract directly relating to the ownership, maintenance or use of the *insured location*;

                **(b)**    injury resulting from violation of:

                    **(i)**    criminal law; or

                  **(ii)**    local or municipal ordinance

committed by, or with the knowledge of any

            *insured*;

**(c)**    injury sustained by any person as a result of an offense directly or indirectly related to the employment of this person by any *insured*;

**(d)**    injury arising out of the *business* pursuits of any *insured*. This exclusion does not apply to *bodily injury* to a *residence employee* arising out of and in the course of the *residence employee's* employment by any *insured*;

**(e)**    injury arising out of civic or public activities performed for pay by any *insured*;

**(f)**    punitive damages awarded against any *insured*; or

**(g)**    injury arising out of physical or mental abuse, corporal punishment, sexual molestation or sexual harassment.

\*    \*    \*

**7.**    "***Occurrence***" means an accident, including exposure to conditions which results in:

**a.**    *bodily injury*; or

**b.**    *property damage*;

during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one *occurrence*.

\*    \*    \*

**11.**    "***Punitive damages***" means damages which are awarded to punish or deter wrongful conduct, to set an example, to fine, penalize or impose a statutory penalty, and damages which are awarded for any purpose other than as compensatory damages for *bodily injury* or *property damage*.

### Safeco's Reservation of Rights

16.    On January 26, 2023, Safeco agreed to defend Woodley in the Underlying Action subject to a full and complete reservation of rights ("Safeco's Reservation of Rights").

17. Safeco's Reservation of Rights includes, without limitation, the right to deny coverage, because R.A. does not allege any "bodily injury" caused by an "occurrence" as those terms are defined in the Policy.

18. Safeco also reserved its right to deny coverage, because, among other things, Exclusion 1.a.(1) (the "Expected or Intended Injury Exclusion"), Exclusion 1.a.(2) (the "Criminal Act Exclusion"), Exclusion 1.i. (the "Sexual Molestation Exclusion"), and/or Exclusion 1.j. (the "Controlled Substances" Exclusion) conclusively eliminate any potential of covered damages against Woodley in the Underlying Action.

19. Safeco also reserved its right to deny coverage, because California Insurance Code section 533 ("Section 533") prohibits Safeco's indemnification of any damages sought in the Underlying Action based on willful conduct.

20. Safeco further reserved its right to have its duties judicially determined by filing a lawsuit, seeking the Court's declaration of its rights and obligations under the Policy; and to seek reimbursement from Woodley for the attorneys' fees and costs that it incurs and pays solely in the defense of claims not covered under the Policy and/or any indemnity payment it may make.

## FIRST CLAIM FOR RELIEF

### No Duty to Defend Under the Safeco Policy

### (against Defendants Woodley and R.A.)

21. Safeco re-alleges and incorporates by reference paragraphs 1 through 20 of the Complaint, as though fully set forth here.

22. An actual controversy exists between Safeco and Defendants regarding Safeco's obligations, if any, to defend Woodley under the Policy in connection with the Underlying Action.

23. Safeco is informed and believes, and thereupon alleges, that Defendants contend that the Policy obligates Safeco to defend Woodley against some or all of

the claims against him in the Underlying Action. Safeco disputes this and contends that it has no duty to defend Woodley against any of the claims asserted in the Underlying Action.

24. Safeco contends that the Policy contains terms, conditions, exclusions and/or limitations that conclusively eliminate any potential of covered damages and, therefore, eliminate any duty to defend Woodley in the Underlying Action.

25. Specifically, Safeco contends that it has no duty to defend Woodley in the Underlying Action because: (1) R.A. does not allege any "bodily injury" caused by an "occurrence" as those terms are defined in the Policy; and (2) the exclusions in the Policy, quoted in whole or in pertinent part above, eliminate any potential of covered damages under the Policy, and eliminate a duty, if any, Safeco might otherwise have to defend Woodley in the Underlying Action.

26. Safeco has no plain, speedy, or adequate remedy at law to resolve the controversy between it and Defendants.

27. As such, Safeco is entitled to a judicial determination of its rights and duties, if any, under the Policy with respect to the Underlying Action under 28 U.S.C. section 2201.

28. Safeco, therefore, seeks a judicial determination and declaration by this Court that:

    a. Safeco has no duty to defend Woodley under the Policy, or to pay any portion of his defense costs, in the Underlying Action; and

    b. Safeco is entitled to withdraw from its defense of Woodley in the Underlying Action.

## SECOND CLAIM FOR RELIEF

### No Duty to Indemnify Under the Safeco Policy

### (against Defendants Woodley and R.A.)

29. Safeco re-alleges and incorporates by reference paragraphs 1 through 28 of the Complaint, as though fully set forth here.

30. An actual controversy exists between Safeco and Defendants regarding Safeco's obligations, if any, to indemnify Woodley under the Policy in connection with the Underlying Action.

31. Safeco is informed and believes, and thereupon alleges, that Defendants contend that the Policy obligates Safeco to indemnify Woodley against some or all of the claims against him in the Underlying Action. Safeco disputes this and contends that it has no duty to indemnify Woodley against any of the claims asserted in the Underlying Action.

32. Safeco contends that the Policy contains terms, conditions, exclusions and/or limitations that conclusively eliminate coverage for any damages, and therefore eliminate any duty to indemnify Woodley in the Underlying Action.

33. Specifically, Safeco contends that it does not have a duty to indemnify Woodley in the Underlying Action because: (1) R.A. does not allege any "bodily injury" caused by an "occurrence" as those terms are defined in the Policy; and (2) the exclusions in the Policy, quoted in whole or in pertinent part above, eliminate coverage for any covered damages under the Policy, and eliminate a duty, if any, Safeco might otherwise have to indemnify Woodley in the Underlying Action.

34. Safeco also believes that California public policy, including, without limitation, public policy reflected in Section 533 and/or California Civil Code section 2773, prohibits indemnification of the damages sought against Woodley in the Underlying Action.

35. Safeco has no plain, speedy, or adequate remedy at law to resolve the controversy between it and Defendants.

36. As such, Safeco is entitled to a judicial determination of its rights and duties, if any, under the Policy with respect to the Underlying Action under 28 U.S.C. section 2201.

37. Safeco, therefore, seeks a judicial determination and declaration by this Court that it has no duty to indemnify Woodley against any claim in the Underlying Action, under the Policy.

### THIRD CLAIM FOR RELIEF

**For Restitution, Recoupment, Unjust Enrichment**

**and/or other Equitable Relief for Reimbursement of Defense Costs**

**(against Defendant Woodley only)**

38. Safeco re-alleges and incorporates by reference paragraphs 1 through 37 of this Complaint, as though fully set forth here.

39. If this Court rules that Safeco had and/or has no duty to defend Woodley against the claims alleged in the Underlying Action, then Safeco, which timely reserved its rights to recoup defense costs incurred solely in the defense of claims that did not create the potential of covered damages under the Policy, is entitled to restitution from Woodley for: (1) past defense costs already incurred and paid by Safeco; and (2) defense costs Safeco will continue to incur, and pay, until the Court declares otherwise, plus prejudgment interest.

### PRAYER FOR RELIEF

**As to the First Claim for Relief:**

1. For a declaration that Safeco has and had no duty to defend Woodley under the Policy in connection with the claims that R.A. asserts in the Underlying Action;

2. For a declaration that Safeco is entitled to withdraw from its defense of Woodley in the Underlying Action;

3. For costs of suit; and

4. For such other and further relief as the Court deems just and proper.

**As to the Second Claim for Relief:**

1. For a declaration that Safeco has no duty to pay any portion of any settlement, and/or judgment that might be incurred, awarded, and/or entered against Woodley in connection with the claims that R.A. asserts in the Underlying Action;

2. For a declaration that Safeco has no duty to indemnify Woodley in the Underlying Action;

3. For costs of suit; and

4. For such other and further relief as the Court deems just and proper.

**As to the Third Claim for Relief:**

1. For an order that Safeco is entitled to reimbursement from Woodley for the defense costs it incurs and pays in the Underlying Action in an amount to be proven by motion or at trial;

2. For pre-judgment interest on each payment of defense costs that this Court determines Safeco had no obligation to pay under the Policy;

3. For costs of suit herein; and

4. For such other and further relief as the Court deems just and proper.

Dated:  February 21, 2023

                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                By     /s/ Mary E. Gregory
                        FRANK FALZETTA
                        SCOTT SVESLOSKY
                        MARY E. GREGORY
                        Attorneys for Plaintiff
                        SAFECO INSURANCE CO. OF ILLINOIS